[Not for Publication] [Doc. No. 15]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| **KYLE GABE KRIDER,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 06-3231(NLH) |
| | : | |
| **RICHARD HERON,** | : | |
| | : | |
| Defendant. | : | |

**OPINION AND ORDER**

This matter is before the Court upon the Motion for Appointment of Pro Bono Counsel [Doc. No. 15] filed by *pro se* Plaintiff, Kyle Gabe Krider. Plaintiff argues that he is "illiterate to law" and needs "someone that knows what there(*sic)* doing." Plaintiff filed his Complaint on July 18, 2006 [Doc. No. 1]. Plaintiff alleges he has been subjected to unhealthy conditions within the Cape May County Prison and medical deliberate indifference with regard to the treatment of his fractured shoulder. Defendant, Richard Heron, has not filed opposition to Plaintiff's Motion.

Plaintiff seeks appointment of legal counsel pursuant to 28 U.S.C. §1915(e). The court may, pursuant to §1915(e), request an attorney to represent an indigent plaintiff in a civil action. The statute provides in relevant part that:

> (1) [t]he court <u>may</u> request an attorney to represent any person unable to afford counsel. (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-(A) the allegation of poverty is untrue; or (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

§1915(e) (emphasis added). However, the appointment of counsel under §1915(e) is a privilege, not a statutory or constitutional right of the litigant. Romano v. Brown, Civil No. 04-4346(FLW), 2006 WL 2376913, at *4 (D.N.J. 2006) (citing Purnell v. Lopez, 903 F.Supp. 863, 864 (E.D.Pa. 1995)). Moreover, a court's power to appoint counsel pursuant to §1915(e) lies in the sole discretion of the court. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). See also Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994). As a preliminary matter, the court is required to determine whether the claim has "some merit in fact and law." Parham, 126 F.3d at 457.

If the court finds the action is not frivolous and has merit, then several factors are taken into consideration:

> (1) plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses, and;
> (6) whether the plaintiff can attain and afford counsel on his or her own behalf.

Tabron, 6 F.3d at 156-157. This list is not exhaustive, nor is any one factor determinative. Id. at 157. See also Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002); Parham, 126 F.3d 454 (3d Cir. 1997); Hamilton v. Leavy, 117 F.3d 742, 749 (3d Cir. 1997); Christy v. Robinson, 216 F.Supp.2d 398, 409 (D.N.J. 2002). These factors ensure that courts will only appoint counsel in non-frivolous matters. Parham, 126 F.3d at 461. Courts will only consider appointment of counsel where a plaintiff's case appears to have merit and most of the aforementioned factors are

2

met. Parham, 126 F.3d at 461.

Plaintiff asserts a claim for unhealthy conditions and deliberate indifference to a medical problem. The Honorable Renee Bumb, U.S.D.J., reviewed the threshold question of the merits of Plaintiff's claims in connection with Plaintiff's application to proceed *in forma pauperis* and found that Plaintiff's claims for unhealthy conditions and deliberate indifference did not warrant *sua sponte* dismissal as to Defendant, Richard Heron. (See August 4, 2006 Opinion and Order of Judge Bumb [Doc. Nos. 2 and 3]). All claims against the Cape May County Prosecutor's Office were dismissed by Judge Bumb. Id. Since it has already been determined that Plaintiff's claims against the remaining Defendant meet the threshold merit requirement, the Court will now address the Parham factors described above. See Parham, 126 F.3d at 457.

The first factor for consideration regarding Plaintiff's request for pro bono counsel is plaintiff's ability to present his own case. In making this determination, the Court should consider the plaintiff's literacy, education, prior work experience, and prior litigation experience. Tabron, 6 F.3d at 156. A plaintiff's ability to understand English is also relevant to his ability to present his case. Id. Finally, if the plaintiff is incarcerated, the restraints placed upon him by virtue of his confinement should be considered in determining his ability to represent himself. Id. This includes the availability of typewriters, photocopiers, telephones and computers. Id. Plaintiff argues that he is "illiterate to law." While Plaintiff's lack of legal training may hinder his ability to present his case, this situation is not unique to Plaintiff and is faced by many *pro se* litigants. This fact alone is not sufficient to warrant appointment of counsel. Plaintiff has presented a reasonably well written Motion and Complaint, which is evidence that he can adequately present his own case at trial. The first factor weighs against appointment of counsel.

The second factor for consideration is the complexity of the legal issues presented. In making this determination, a court is more inclined to appoint counsel when the legal issues are complex. Id. Where the law is not clear, it will best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis. Id. However, comprehension alone does not equal the ability to translate understanding into presentation. Parham, 126 F.3d at 459. Although the ultimate issue may be comprehensible, the court must appreciate the complexity of the discovery involved. Id. As to the claims in Plaintiff's Complaint, the applicable law is straightforward and Plaintiff should be able to comprehend the relevant legal principles without the assistance of counsel. This factor weighs against appointing counsel.

The third factor for consideration is the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation. In making this determination, the court may consider the extent to which prisoners and others suffering confinement face problems in pursuing their claims. Tabron, 6 F.3d at 156. Further, the court should be aware of an indigent plaintiff's possible difficulties understanding complex discovery rules. Parham, 126 F.3d at 460. Thus, where the claims are likely to require extensive discovery and compliance with complex discovery rules, appointment of counsel may be warranted. Tabron, 6 F.3d at 156. Since fact discovery relevant to Plaintiff's claims will involve obtaining information from interrogatories and documents such as prison and medical records, it does not appear that discovery in this case will be unduly complex. Also, the voluntary rules for disclosure require Defendant to provide Plaintiff with his records concerning his stay at the Cape May County Prison. Therefore, the documentation that Plaintiff needs to proceed with his claim

should be readily available.  This factor weighs against appointing counsel.

The fourth factor for consideration is whether a case is likely to turn on credibility determinations. Though many cases turn on credibility determinations, the court should focus on whether the case is largely based on the word of one side against the word of the other side. Parham, 126 F.3d at 460. "Thus, when considering this factor, courts should determine whether the case was solely a swearing contest." Id.  This case is not likely to turn on credibility determinations.  Plaintiff's medical condition will be apparent from his prison records and it is unlikely that the relevant facts regarding alleged lack of bed space and overall conditions in the Cape May County Prison will overwhelmingly depend on the credibility of fact witnesses.  The fourth factor weighs in favor of denying Plaintiff's Motion.

The fifth factor for consideration is the extent expert testimony may be required. Appointed counsel may be warranted where the case will require testimony from expert witnesses. Tabron, 6 F.3d at 156.  It is unclear, based upon the evidence provided by Plaintiff in his Motion and Complaint, whether or not expert testimony will be required in this case.  If it is determined in the future that Plaintiff's medical condition is genuinely at issue the Court can address this issue through independent examinations of Plaintiff.  See Christy v. Robinson, 216 F.Supp.2d 398, 411 (D.N.J. 2002) (denying appointment of pro bono counsel because Plaintiff's deliberate indifference claims were not overly complex and noting that court assistance with independent medical examinations eliminated the need for appointment of counsel to assist with expert testimony).

The sixth and final factor for consideration is the plaintiff's financial ability to attain and afford counsel on his own behalf.  Parham, 126 F.3d at 461.  Plaintiff is currently incarcerated

5

and, based on the information presented to the Court, he cannot afford his own attorney.

Based upon the <u>Parham</u> factors and the facts as presented to this Court, and for the reasons discussed above, Plaintiff does not meet his burden of proof to require this Court to Order appointment of pro bono counsel.

Accordingly, for all the foregoing reasons,

IT IS on this 3rd day of August 2007 hereby

ORDERED that Plaintiff's Motion for Appointment of Pro Bono Counsel is DENIED.

/s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge